JUDGE BERMAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TAMMY JACKSON

                Plaintiff,

-against-

ENTERPRISE RECOVERY SYSTEMS, INC.

                Defendant(s).
------------------------------------------------------------X

Civil Action No.:

COMPLAINT

DEMAND FOR JURY TRIAL

Plaintiff TAMMY JACKSON ("Plaintiff"), by and through her attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant ENTERPRISE RECOVERY SYSTEMS, INC. (ERS") hereinafter referred to as Defendant(s)", respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

2. Plaintiff is a resident of the State of New York, residing at 1453 Amsterdam Ave., Apt. 4A, N.Y., N.Y. 10027.

3. Defendant ENTERPRISE RECOVERY SYSTEMS is a company organized in Illinois with their main office at 2400 South Wolf rd., Suite 200, Westchester, IL 60154.

4. ERS is a "debt collector" as the phrase is defined and used in the FDCPA

under 15 USC §1692a(6).

## JURISDICTION AND VENUE

5.  The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 et seq. and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.  Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.  On information and belief, Defendant, on behalf of a third-party, began collecting an alleged consumer debt from the Plaintiff.

9.  On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff by calling the Plaintiff and leaving messages on the family phone.

10. The Defendant's numerous messages left on the Plaintiff's answering machine stated the Plaintiff's name: Tammy Jackson and gave the required disclosures identifying themselves as debt collectors.

11. The Plaintiff returned the call the to the Defendant as requested approximately July 20th, 2010 and spoke to a debt collector named Rick Scott.

12. The Defendant violated 15 USC §1692e(11) by failing to give any of the required disclosure identifying themselves as debt collectors.

13. The Defendant further violated 15 USC §1692e – preface by giving a misleading statement to the Plaintiff that the prior contact was a mistake because she was not coming up in the system. The failure to identify the Plaintiff in the system and whether she did or did not owe a debt at this point was confusing and misleading.

14. The Defendant's Message further violated 15 USC §1692c(b) prohibiting third party disclosure when Pearl Patty the Plaintiff's mother in law who resides with them checked the messages and heard that the Plaintiff was being contacted by the Defendant, a debt collector.

15. The Defendant further violated 15 USC §1692g(a) by failing to send the plaintiff within five days of the initial communication the required validation notice informing the Plaintiff that she has 30 days to dispute the validity of the debt.

## FIRST CAUSE OF ACTION
*(Violations of the FDCPA)*

16. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "15" herein with the same force and effect as if the same were set forth at length herein.

17. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC 15 USC §1692c(b).

18. As a result of Defendant's violations of the FDCPA, the Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

19. Plaintiff TAMMY JACKSON hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.


## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TAMMY JACKSON demands judgment from the Defendants ENTERPRISE RECOVERY SYSTEMS, INC. as follows:

A. For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B. For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C. For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D. For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E. A declaration that the Defendant's practices violated the FDCPA;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
September 27, 2010

Respectfully submitted,

By: *[signature]*
M. Harvey Rephen, (MR3384), Esq.
M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone: (212) 796-0930
Facsimile: (212) 330-7582
*Attorney for the Plaintiff Tammy Jackson*

To:   ERS
      2400 South Wolf Rd.
      Westchester, IL 60154

      *(Via Prescribed Service)*

      Clerk,
      United States District Court, Southern of New York
      *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK          CASE NO.:

TAMMY JACKSON,

                        Plaintiff(s),

-against-

ENTERPRISE RECOVERY SYSTEMS, INC.

                        Defendant(s).

## COMPLAINT

M. HARVEY REPHEN & ASSOCIATES, P.C.
708 Third Avenue, 6th Floor
New York, New York 10017
Phone:     (212) 796-0930
Facsimile: (212) 330-7582